UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EULA MURRAY,

    Plaintiff,                               Civil Action No. 19-CV-11500

vs.                                           HON. BERNARD A. FRIEDMAN

DELAWARE NORTH,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556.

In the present case, plaintiff claims that defendant violated her rights under Title VII of the Civil Rights Act of 1964 on January 17 and March 5, 2019. Compl. ¶ III. Specifically, plaintiff alleges that on January 17, 2019, while working for defendant as a prep cook, another employee, chef Anthony Matta, chastised her for cracking eggs. Plaintiff alleges that Matta frightened her with his "disruptive behavior and abusive tone." Compl. ("Statement of Fact") at 1. Plaintiff asserts that she is "a Senior Citizen, a woman and . . . should not have to work in a hostile environment." *Id.* at 2. Further, plaintiff alleges that on March 5, 2019, Matta gave her a verbal warning about her tardiness, alleging she had been late once in December and three times in February. Plaintiff alleges that Matta issued this warning in retaliation for plaintiff complaining about his poor treatment of her during a January 31, 2019, meeting with a human resources representative. Compl. ("Statement of Fact") at 3, 5 and 6. Plaintiff indicates she believes that

2

defendant retaliated against her and that it discriminated against her based on her race and age. Compl. ¶ III.

These allegations fail to state a claim for relief under Title VII for three reasons. First, this statute prohibits an employer from discriminating against an employee (based on the employee's race, color, religion, sex, or national origin) or from retaliating against an employee for engaging in protected conduct. But in the present case, plaintiff's allegations focus exclusively on alleged discrimination and retaliation committed by a fellow employee, chef Matta, not by a manager or supervisor who could be deemed to have acted on the employer's behalf.

Second, even if Matta could be deemed to have acted on behalf of defendant, the complaint contains no facts to support plaintiff's claim that Matta chastised her in a threatening way because of her race or age. As noted above, a complaint must make more than "conclusory statements." In the present case, the complaint offers no facts that would permit the inference that Matta mistreated plaintiff because of her race or age or for any other prohibited reason.

Third, again assuming that Matta was acting on behalf of defendant, a Title VII claim, whether for discrimination or retaliation, requires a showing that plaintiff suffered some form of "adverse employment action." *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797 (6th Cir. 2004). The Sixth Circuit requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 798 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998)). In the present case, plaintiff alleges that Matta chastised her for cracking eggs and that he retaliated when she complained about him by giving her a verbal warning about her tardiness on four occasions. Plaintiff does not allege that the chastisement or the tardiness warning

had any effect on her employment status. Under *White* and *Ellerth*, these was not adverse employment actions, and therefore no Title VII claim has been stated.

For these reasons, the Court concludes that the complaint fails to state a claim for which relief may be granted under Title VII. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

|  |  |
|---|---|
| Dated: June 3, 2019<br>Detroit, Michigan | s/Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2019.

                                                                                    s/Johnetta M. Curry-Williams
                                                                                    Case Manager

Eula Murray
5142 Brush
Detroit, MI 48202